Kansas City, Memphis & Birmingham Railroad Company
*v.* L. P. Fite.

| 67 | 373 |
| 79 | 437 |

Railroads.  *Failure to stop at flag station.  Nominal damages.*

In the absence of malice, insult, or wilful wrong, when a passenger train has failed to stop at a flag station, where passengers get on and off, and a passenger for such station jumps off and walks back about two hundred yards, and there is no proof of actual damages, only nominal damages can be recovered from the railroad company : exemplary damages are not recoverable.

From the circuit court of Marshall county.

Hon. W. M. Rogers, Judge.

Action by appellee, Fite, against appellant for damages. Plaintiff purchased a ticket and boarded a passenger train to go from Byhalia to Miller's station, a distance of six miles, on defendant's road. Miller's was a flag station, where the trains stop when there are passengers to get on or off. On the occasion in question the train did not stop at Miller's, but "slowed-up," possibly a little, in order to take on the mail. The conductor had taken up the ticket, and plaintiff, seeing that the train had passed the station, jumped off about two hundred yards beyond it and walked back. Plaintiff's testimony tended to show that the conductor had a newspaper

in one hand when the ticket was taken up, and that when plaintiff asked if he would stop at Miller's, he replied, "Hell, yes; it is a regular station;" that the conductor was seated reading a newspaper a few seconds before passing Miller's; that the train did not stop at all, and that it was running rapidly when it passed the station.

As a witness for defendant, the conductor denied using the language attributed to him, and denied having the conversation with the plaintiff. He testified that as the train was approaching the station he was talking with some passengers, trying to induce them to continue on defendant's road west of Memphis, and for that reason failed to notify the engineer to stop; but that he supposed the train would stop, and, seeing that it did not, pulled the bell-cord, which caused the train to stop about the time or just after plaintiff jumped off. There was other testimony tending to show that the train did so stop, and that the conductor asked plaintiff why he jumped off before the train stopped, but the plaintiff denied this. It was shown that the conductor and plaintiff were friendly, and often met and joked each other at Byhalia. There was no proof of actual damages. At the instance of plaintiff, the court instructed the jury that it was incumbent on the defendant to stop the train at the station, and that for a failure so to do plaintiff was entitled to recover any actual damages sustained. By plaintiff's second instruction, the court announced that, if the failure to stop was accompanied by any circumstances of recklessness, wilfulness and insult on the part of the conductor, the defendant was liable for punitive damages. A peremptory instruction to find for defendant was refused, and so of an instruction on behalf of defendant that the plaintiff was not entitled to exemplary damages.

Verdict and judgment in favor of plaintiff for $200. Motion for new trial overruled. Defendant appeals.

*J. W. Buchanan*, for appellant.

1. Defendant was not liable for exemplary damages. There was no wilful wrong. The conductor gave a reasonable explanation for his omission to notify the engineer to stop, and he is not contradicted. Then, seeing that the train would not stop, he pulled the

bell-cord and stopped as soon as possible. The kindest feelings existed between the conductor and plaintiff, and it is evident that there was no intentional wrong. It is evident also that the language attributed to the conductor, if used, was not intended as an insult, and was not so considered by the plaintiff.

This case is distinguishable from *R. R. Co.* v. *Gill*, 66 Miss. 39. There punitive damages were not allowed, although there was proof of actual damages, and it was claimed that insulting words were used. Here there was no proof of actual damages, and, it not being a case for exemplary damages, the instruction to find for defendant should have been given.

2. Without proof of some pecuniary loss, or actual damages to some extent, the plaintiff was not entitled to recover punitive damages. *Schippel* v. *Norton*, 38 Kans. 567; *Stacey* v. *Portland Pub. Co.*, 68 Me. 279; 70 Ill. 495; 71 Ib. 241; 30 Mich. 493; 67 Me. 51; 21 Ohio State, 98; *Maxwell* v. *Kennedy*, 50 Wis. 645.

*Fant & Fant*, for appellee.

1. The verdict is right. Where there is any element of intentional wrong, malice, fraud, oppression, or insult; or where, in the absence of these, there is negligence so gross as to evince a reckless disregard of consequences, exemplary damages are permissible. *R. R. Co.* v. *Scurr*, 57 Miss. 456; *Dorrah* v. *R. R. Co.*, 65 Ib. 14; *R. R. Co.* v. *Scanlan*, 63 Ib. 413; 2 Rorer on Railroads, p. 869.

2. The jury was properly instructed. The verdict finds that the necessary elements existed as to punitive damages, and the finding is conclusive.

This court should not disturb a verdict upon the facts, particularly one that is sanctioned by the court below in overruling a motion for new trial. *R. R. Co.* v. *Hurst*, 36 Miss. 660; *Bower* v. *Henshaw*, 56 Ib. 619.

This is true, although the court may believe the verdict excessive, unless it was induced by improper charges, or was the result of passion or prejudice. *R. R. Co.* v. *Hurst*, 36 Miss. 660; 27 Ib. 68; 2 Rorer on Railroads, p. 873.

3. Even if there was no intentional insult or oppression, there was certainly a reckless indifference to the rights of plaintiff. In such case, punitive damages are allowable. *R. R. Co.* v. *Armes*, 91 U. S. 489; *Ross* v. *Legget*, 1 Am. St. R. 608.

CAMPBELL, J., delivered the opinion of the court.

The court should have instructed the jury to find a verdict for nominal damages only. There was no actual damage shown, and there was not a circumstance in evidence on which to found a claim for exemplary damages. In this state of case the court should not have permitted exemplary damages.

*Reversed and remanded.*